# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Moore,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Minnesota Department of Corrections, *Employees and Officials - sued in their individual and official capacities*, and The Bureau of Criminal Apprehensions, *in Saint Paul Minnesota - Directors Employees and Officials sued in their individual and official capacities*,<br><br>　　　　Defendants. | Civ. No. 24-436 (JWB/JFD)<br><br>**ORDER<br>OVERRULING OBJECTION TO<br>MAGISTRATE JUDGE ORDER** |

　　　　Plaintiff Anthony Moore objects to Magistrate Judge John F. Docherty's February 20, 2024 Order requiring him to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b). (Doc. No. 5.) Courts review an objection to a magistrate judge's order on a nondispositive matter for clear error. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3)(A). To find a clear error, this "extremely deferential" review must leave the reviewing court with a "definite and firm conviction that a mistake has been committed." *Bombardier Recreational Prods. Inc. v. Arctic Cat Inc.*, Civ. No. 12-2706 (JRT/LIB), 2017 WL 690186, at *1 (D. Minn. Feb. 21, 2017) (quoting *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011)). There is no such clear error here.

　　　　Moore objects that requiring him to pay a partial filing fee is patently unfair and asserts that he is unable to pay any amount. The governing statute requires a partial filing

fee to be collected "when funds exist." 28 U.S.C. § 1915(b)(1). The materials attached to Moore's *in forma pauperis* application shows an average balance in Moore's trust fund prison account. (Doc. No. 2 at 6–7.) Therefore, the Magistrate Judge correctly ordered a partial filing fee based on evidence that funds exist in Moore's account.

The Magistrate Judge also advised Moore that his Complaint "has significant problems" and to think carefully about whether to commit his limited funds to filing a lawsuit that will face "serious challenges" on the merits. (Doc. No. 4 at 2 n.2.) Moore would be wise to consider that information when deciding whether to comply with the Magistrate Judge's Order, which was correctly issued according to the applicable law.

## ORDER

Plaintiff Anthony Moore's Objection to Magistrate Judge Docherty's February 20, 2024 Order (Doc. No. 5) is **OVERRULED**.

Date: March 1, 2024

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge