UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY MOORE, | Case No. 24-CV-0436 (JWB/JFD) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MINNESOTA DEPARTMENT OF CORRECTIONS, Employees and Officials—sued in their individual and official capacities; and THE BUREAU OF CRIMINAL APPREHENSIONS, in Saint Paul, Minnesota—Directors Employees and Officials sued in their individual and official capacities, | |
| Defendants. | |

In an Order dated February 20, 2024, this Court directed Plaintiff Anthony Moore to pay an initial partial filing fee of at least $1.73 within 21 days, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. (Dkt. No. 4 (citing Fed. R. Civ. P. 41(b).) That deadline has now passed, and Mr. Moore has not paid the required initial partial filing fee. Accordingly, this Court now recommends, consistent with the warning previously given to Mr. Moore, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Wewerka v. Roper*, 431 F. App'x 517, 517 (8th Cir. 2011) (per curiam) (affirming dismissal without prejudice pursuant to Rule 41(b) following prisoner's failure to pay initial partial filing fee).

1

The Court notes, however, that Mr. Moore's decision not to prosecute this matter may be a good outcome for him. As Mr. Moore was advised in the Court's Order, his Complaint (had he elected to prosecute it) is subject to preservice review under 28 U.S.C. § 1915A, which requires the Court to determine whether the pleading states a claim on which relief may be granted. Mr. Moore's Complaint does not state a viable claim for relief. Neither of the two agencies of the State of Minnesota named as defendants to this action can be sued under 42 U.S.C. § 1983. *See, e.g.*, *Deretich v. Office of Admin. Hearings, State of Minn.*, 798 F.2d 1147, 1154 (8th Cir. 1986). Mr. Moore could sue individual employees of those agencies under § 1983, but to state a viable claim for relief against those employees, Mr. Moore would have to allege what that specific employee did wrong—and Mr. Moore's pleading includes no factual allegations directed at a specific individual. *See Washington v. Craane*, No. 18-CV-1464 (DWF/TNL), 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")). Finally, Mr. Moore's claim—that the state agencies at issue are treating him differently from other prisoners on account of his status as a sex offender—is simply not viable no matter whom the claim was pleaded against. "Sex offender" is not a protected class under the Constitution.

If this action were to be dismissed under § 1915A, Mr. Moore would incur a "strike" pursuant to 28 U.S.C. § 1915(g), with three or more such "strikes" resulting in Mr. Moore being largely unable to proceed *in forma pauperis* in federal court for as long as he remains a prisoner. The Court would also direct that the $350.00 statutory filing fee be withdrawn

by prison officials from Mr. Moore's trust account whenever funds came available to him, consistent with § 1915(b)—a financial obligation that would persist for however long it took Mr. Moore to pay the statutory fee in full. By electing not to prosecute this action, Mr. Moore has avoided these outcomes.

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: March 28, 2024                    _s/ John F. Docherty_
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).